## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID DUANE PEARCE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-09-570-D** |
| | ) | |
| **LOGAN CO SHERIFF'S DEPT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the complaint has been conducted pursuant to 28 U.S.C. §§ 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted and that the dismissal count as one "strike" pursuant to 28 U.S.C. § 1915(g).

## I. Background/Plaintiff's Claims

In the Nature of the Case section of his complaint, Plaintiff states the following as the basis for his claims:

> On 5 - 5 - 09 I recieved a request to staff from Lt. Freeborn, in it my release date was changed from Aug 27 2009 to Aug 1st 2009 - this still does not reflect my total time as trustee for Logan Co.

Complaint, p. 2.[1]  Although Plaintiff has not included facts concerning the circumstances of

his incarceration in the Logan County jail, the publicly available District Court of Logan

County docket shows that on December 11, 2008, in Case No. CM-2008-760, Plaintiff was

convicted pursuant to a plea of guilty to the misdemeanor crimes of obstructing an officer

(Count One) and unlawful possession of drug paraphernalia (Count Two), for which he was

sentenced to two concurrent terms of one year incarceration in the Logan County jail.  *See*

Oklahoma State Courts Network, available at http://www.oscn.net (accessed October 1,

2009).  On the same date, in Case No. CM-2008-665, Plaintiff was convicted pursuant to a

plea of guilty to public intoxication, for which he was sentenced to thirty days in the county

jail, to be served concurrently with the jail sentence imposed in Case No. CM-2008-760.  *Id.*

Thus, based on the district court record, it appears that Plaintiff was serving his sentences in

Case Nos. CM-2008-760 and CM-2008-665 during the time period referenced in the

complaint.

     In the first of two counts, Plaintiff alleges that he "was made a promise of 2 credits

for every 1 day worked as a trustee doing county jail time" and although he served as a

trustee, he was not given "full credit" for his work at the county jail.  *Id.*, p. 3.  In his second

count Plaintiff alleges:

> On 5/22-09 this legal docket along with all of my legal mail was takein from
> me by Lt. Freeborn and he would not bring it back.  I had to get it back from
> the next shift approx. 2-3 hours later.

---

[1]Unless otherwise indicated, quotations attributed to Plaintiff have been reproduced verbatim.

*Id.* Plaintiff names as Defendants the Logan County Sheriff's office, Major William Warner, Cpt. Randy Lester, and Lt. Troy Freeborn.  As relief, Plaintiff requests "to be release on or about June 20, 2009, or the Logan County Sheriff's Office $1,500.00 [] per day held over that time period." *Id.*, p. 5.

## II.  <u>Standard of Review for Initial Screening</u>

Pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B), the Court must review Plaintiff's complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  *See also* 42 U.S.C. § 1997e(c)(1).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).  In determining whether dismissal of a complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff.  Dismissal is proper if, taking those facts as true, the plaintiff fails to present a plausible claim for relief.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The burden is on the  plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).  The plaintiff must do more than allege facts that conceivably might state a claim for relief.  *Smith v. United States*, 561

F.3d 1090, 1098 (10th Cir. 2009) (citing *Twombly*, 127 S.Ct. at 1974).   Instead, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [the claims raised]." *Id.*  Where, as here, the litigant appears pro se, the Court construes the complaint liberally.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

III. **Allegations Relating to Insufficient Jail Credit**

Plaintiff alleges that on or about January 10, 2009, Defendant Freeborn "offered" Logan County jail inmates serving "county time" "2 days credit for every one worked as a county trustee." Complaint, p. 3.  Plaintiff alleges that although he worked 57 days as a trustee, he was not given "full credit for time as a trustee." *Id.*   According to Plaintiff, he was advised by Defendant Freeborn in a response to a request to staff that Plaintiff's release date was changed "from Aug. 27, 2009 to Aug. 1st 2009." *Id.*  Plaintiff contends that the revised release date "still does not reflect my total time as a trustee for Logan County." *Id.,* p. 2.   Plaintiff does not articulate what constitutional right was allegedly violated by Defendants.   As previously stated, Plaintiff seeks immediate release and alternatively, monetary damages.

Although Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, his claim in Count One does not challenge the conditions of his confinement.  Rather, Plaintiff seeks the application of certain credits he alleges were earned while working as a trustee in the Logan County jail.  According to Plaintiff's allegations, if this relief were granted it would result in his release from the custody of Logan County jail.  Release from confinement is not,

4

however, a remedy available in a civil rights action brought pursuant to 42 U.S.C. § 1983.

Such a challenge to Plaintiff's continued confinement must be brought in a habeas corpus

action filed pursuant to 28 U.S.C. § 2241 after exhaustion of state court remedies.  *See*

*Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("A prisoner may use § 1983 to

challenge the conditions of his confinement, but habeas corpus is the only avenue for a

challenge to the fact or duration of confinement, at least when the remedy requested would

result in the prisoner's immediate or speedier release from that confinement."); *see also*

*McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus

proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of

immediate release or a shortened period of confinement.  In contrast, a civil rights action .

. . attacks the conditions of the prisoner's confinement and requests monetary compensation

for such conditions.'") (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993))

(citation omitted).  Accordingly, Plaintiff's claim that he is entitled to an earlier release based

on his work as a trustee at the Logan County jail fails to state a valid claim under § 1983.

Although the Court should liberally construe Plaintiff's pro se complaint, Plaintiff has

not referenced the habeas statutes in his complaint, nor has shown that he has exhausted

available state court remedies.[2]  Accordingly, it is recommended that the Court decline to

---

[2]Prior to bringing a § 2241 action for habeas corpus relief, a petitioner must demonstrate that he has exhausted available state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding exhaustion requirement applies to § 2241 petitions as well as to § 2254 petitions).  Because Plaintiff is claiming that he is entitled to immediate release, he has an available state court remedy through the writ of habeas corpus under Oklahoma law.  *See Canady v. Reynolds*, 880 P.2d 391, 397 (Okla. Crim. App. 1994); *Ekstrand v. Oklahoma*, 791 P.2d 92 (Okla. Crim. App.

(continued...)

construe Plaintiff's first claim to include a claim for federal habeas relief. *See Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005) (noting that a pro se litigant "may prefer to have his claim dismissed rather than be recharacterized as a § 2254 claim because of the potential consequences with respect to any § 2254 claim he may file in the future [because] AEDPA places strict limitations on second or successive claims."); *see also Richards v. Bellmon*, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991) (rejecting construction of a pro se § 1983 complaint to include a habeas claim because such treatment "borders on advocacy and could interfere with a possible tactical choice by the plaintiff.").

To the extent Plaintiff alternatively seeks monetary damages for Defendants' alleged violation of Oklahoma state law relating to work credits allowed while serving a sentence in the county jail, such claim is not cognizable in this 42 U.S.C. § 1983 action.[3] *See Eidson v.*

_____

[2](...continued)
1990). But Plaintiff has failed to demonstrate that he has exhausted his state court remedies prior to bringing the instant action. Therefore, even if the Court were to liberally construe the instant complaint as including a habeas claim, such claim would be subject to dismissal.

[3]Plaintiff makes no reference to the procedure by which he expected to earn credits while working as a trustee in the jail. However, Plaintiff's claim may relate to the Oklahoma statutes controlling the service of jail sentences, which provide *inter alia* that under certain circumstances prisoners in a county jail are allowed credits for authorized work. *See* Okla. Stat. tit. 58.3 (providing that "[p]risoners employed as provided herein shall be given a credit of two (2) days on a jail sentence for each day worked, and a credit of Two Dollars ($2.00) per day upon the payment of a fine, if sentenced for nonpayment of a fine."); *see also Hallmark v. State*, 795 P.2d 113, 114 (Okla. Crim. App. 1990) (explaining that pursuant to the two related sections, §§ 58.1, 58.2, "additional time credits only apply when the inmate is employed in the maintenance of the county courthouse or its grounds at the direction f the County Commissioners"); *see also id.* ("[W]hile the commissioners and the sheriffs of the various counties are responsible for the upkeep of the jail, there is nothing in our laws which prohibits the sheriff from establishing a "trustee" classification which is earned in return for work undertaken in the jail during the prisoner's term of
(continued...)

*Owens*, 515 F.3d 1139, 1148 (10th Cir. 2008) ("a violation of state law alone does not support a § 1983 claim") (citing *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 119 (1992)); *Jones v. City and County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988) ("Section 1983 does not . . . provide a basis for redressing violations of state law, but only for those violations of federal law done under color of state law.").   Thus, Plaintiff's claim that he is entitled to money damages based on Defendant's alleged violations of Oklahoma state law fails to state a claim for relief under 42 U. S.C. § 1983.

Moreover, it is clear that Plaintiff has no fundamental or inherent constitutional right to early release from custody.  *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (a convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence).   It follows that there is no constitutionally protected interest in earning credits toward early release.  *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006); *Searcy v. Simmons*, 299 F.3d 1220, 1226 (10th Cir. 2002); *see also Brown v. Champion*, No. 95-5061, 1995 WL 433221 (10th Cir. July 24, 1995) (unpublished)[4] (inmate "has no constitutional right to be classified so that he can earn good time credits").   Thus, even if the complaint is liberally construed to allege a constitutional claim resulting from jail officials' failure to properly deduct additional time credits for Plaintiff's work in the county jail, such claim does not allege a violation of constitutional

[3](...continued)
confinement.").

[4]This unpublished decision is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

rights cognizable under §1983.

In sum, the undersigned finds that Plaintiff's allegations that Logan County jail officials awarded insufficient credit for time worked in the county jail fails to state a claim of constitutional dimensions and should be dismissed.

## IV.  Allegations Relating to Confiscation of Legal Mail

As his second count, Plaintiff states:

On 5-22-09 this legal docket along with all of my legal mail was takein from me by Lt. Freeborn and he would not bring it back.  I had to get it back from the next shift approx. 2-3 hours later.

Complaint, p. 3.  Plaintiff provides no further facts regarding this claim and does not identify any constitutional right which was violated.  To the extent Plaintiff's second claim is liberally construed as an allegation that he has been deprived of his right of access to the courts based on Defendants' alleged confiscation of certain legal mail, this claim fails to state a claim upon which relief may be granted.

To establish a denial of an inmate's right to access the courts, an inmate must establish an "actual injury" due to the inadequacy of access to legal materials, which requires a showing that an inmate was hindered in actually pursuing a legal claim.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  An inmate might make this showing by demonstrating "that a complaint he prepared was dismissed for failure to satisfy some technical requirement" or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by the alleged inadequate access to legal materials that he was unable even to file a complaint.  *Lewis*, 518 U.S. at 531.  *Accord Penrod v. Zavaras*, 94 F.3d 1399, 1403

8

(10th Cir. 1996). Here, Plaintiff's conclusory allegation that his "legal papers" were confiscated and unavailable to him for a short period of time (two to three hours) fails to show that he was unable to pursue a legal theory or that he was stymied in his efforts to bring an action before a court due to any action of Defendants. Accordingly, the undersigned finds that Plaintiff has not stated a claim of denial of his right of access to the courts, and this claim should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of the undersigned Magistrate Judge, that Plaintiff's complaint [Doc. No. 1], be dismissed for failure to state a claim for which relief can be granted. 28 U.S.C. §§ 1915A; 1915(e)(2)(B). It is further recommended that dismissal of this action should count as a strike pursuant to 28 U.S.C. § 1915(g).[5] Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 29th day of October, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

---

[5]Dismissal should count as a "prior occasion" only after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

ENTERED this 9th day of October, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE